UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NOS.  CR-06-0101-LRS |
| Respondent, ) | (CV-07-0229-LRS) |
| ) | |
| -vs- ) | |
| ) | ORDER DENYING 28 U.S.C. §2255 |
| JOSE DORANTES-CORREA, ) | MOTION |
| ) | |
| Petitioner. ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 17, 2007[1] (Ct. Rec. 26, CR-06-0101-LRS, Ct. Rec. 1, CV-07-0229-LRS).  The Motion is submitted by Jose Dorantes-Correa, who is appearing *pro se* for the purposes of these proceedings.

**I. BACKGROUND**

Mr. Dorantes-Correa was indicted on October 3, 2006 for Alien in the United States After Deportation in violation of 8 U.S.C. §1326. Mr. Dorantes-Correa pleaded guilty to Count One of the Indictment on November 15, 2006 with a written Fast Track plea agreement.  Ct. Rec. 21.  On that same day, November 15, 2006, Mr. Dorantes-Correa was sentenced to a 33-month term of imprisonment with three years

---

[1] Petitioner filed what appears to be his memorandum in support of his motion on July 24, 2007.  Ct. Rec. 27 in CR-06-0101-LRS.

ORDER - 1

supervised release; and a special assessment of $100. Mr. Dorantes-Correa contends that his sentence is unconstitutional based on one ground: that the "felony" and "aggravated felony" provisions found at 8 U.S.C. 1326(b)(1) and (2) are unconstitutional on their face and as applied to his case. Ct. Rec. 27 in CR-06-0101-LRS, at 1. Petitioner, however, acknowledges that existing Supreme Court precedent, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) forecloses his argument but he raises the same to preserve such arguments for possible further review. Ct. Rec. 27 in CR-06-0101-LRS, at 1.

Petitioner also appears to be seeking relief based on his status as an alien under the equal protection and due process clauses of the Constitution. Ct. Rec. 26 CR-06-0101-LRS, at 2-3. Petitioner appears to argue that an alien is deprived of his benefits or privileges and treated more harshly than a United States citizen at sentencing. Petitioner requests a 2-point downward departure if he accepts a final deportation order. Ct. Rec. 26 in CR-06-0101-LRS at 1.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

ORDER - 2

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494,

111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S. Ct. 1237, 149 L. Ed. 2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), Rules-Section 2255 Proceedings.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**A.   APPRENDI CHALLENGE TO SENTENCE-ENHANCING FINDINGS**

If the Court is deciphering Mr. Dorantes-Correa's argument correctly, he argues that the +16 level enhancement applied to him for sentencing purposes violated *Apprendi*'s holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  The Court finds that the Petitioner has not provided any evidence or law

to convince this Court that his constitutional rights were violated. *Apprendi* is still good law and the Court can consider Petitioner's prior conviction to qualify as a felony drug offense for sentencing purposes. *See U.S. v. Hollis*, 490 F.3d 1149 (9th Cir. 2007). It is noted that pursuant to the Fast Track Plea Agreement, the parties agreed to the criminal history calculations contained in the abbreviated presentence report. *See* Plea Agreement, ¶7(b).

**B. EQUAL PROTECTION - ALIEN STATUS**

***The Court finds no merit to Petitioner's conclusory statement*** that he is treated harsher than a U.S. citizen based on his alien status, which amounts to an equal protection violation. Petitioner provides no evidence of such a violation.

**C. PLEA AGREEMENT (FAST TRACK U.S.S.G. § 5K3.1)**

On November 16, 2007 the Court found that Petitioner had voluntarily entered into the Fast Track Plea Agreement with the United States. Paragraph 14 of the Plea Agreement states that both parties to the agreement waive any right to appeal the conviction and the sentence imposed by the Court. Defendant also waived any right to collaterally attack the conviction and sentence under 28 U.S.C. §2255 or any other collateral attack, except for ineffective assistance of counsel based on facts discovered after the plea and sentencing. The agreement further states that this waiver will result in the dismissal of any appeal.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255. The Court

ORDER - 5

summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Dorantes-Correa's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 17, 2006 (**Ct. Rec. 26**, CR-06-0101-LRS, **Ct. Rec. 1**, CV-07-0229-LRS) is **DENIED**.

2. The District Court Executive is directed to:

    (a) File this Order;

    (b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

    (c) **CLOSE THESE FILES**.

**DATED** this 27th day of September, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6